**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Bernard Darrell,<br><br>　　　　Movant/Defendant,<br><br>v.<br><br>USA,<br><br>　　　　Respondent/Plaintiff. | CV-17-02143-PHX-JAT<br>CR-14-0500-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (Doc. 8) ("R&R") issued by the Magistrate Judge to whom this case was assigned recommending that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 file in this case be denied. Movant has filed objections (Doc. 9) to the R&R and Respondent has filed a reply (Doc. 10) to those objections.

**I.　Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Thus, the Court will review the portion of the R&R to which Movant objected de novo.

## II. Factual and Procedural Background

The R&R recounts the factual and procedural background of this case, and neither party objected to this summary. (Doc. 8 at 1-5). The Court accepts this portion of the R&R.

## III. Movant's Objections

In his Motion, Movant raises two theories of ineffective assistance of counsel. The R&R recounts the law governing ineffective assistance of counsel claims. (Doc. 8 at 5-6). Neither party objected to this legal standard; the Court hereby accepts it.[1]

---

[1] Specifically, the R&R recounts:

> The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Id*. at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id*. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id*. The court's review of counsel's performance is extremely limited. Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Id*.
>
> To establish a Sixth Amendment violation, a petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Id*. at 691-92. To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The court need not address both *Strickland* requirements if the petitioner makes an insufficient showing on one. *See id*. at 697 (explaining that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) (stating that "[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the other") (citing *Strickland*, 466 U.S. at 688).

(Doc. 8 at 5-6).

### A. Potential Witness Kiki Norris

Movant objects to the R&R's conclusion that his counsel was not ineffective for not locating potential witness Kiki Norris. As the R&R notes, defense counsel filed an affidavit explaining that he did not locate this witness because Movant could not provide her address, contact information, known associates, or a physical description. (Doc. 8 at 7). Indeed, Movant's story about this witness changed sufficiently that counsel became skeptical as to her existence. (*Id.*). Movant nonetheless objects and argues that because there was a reference to this witness in the police report, counsel should have used the name in the police report[2] to discover the witness's location. (Doc. 9 at 1). The Court finds counsel's conduct, coupled with Movant's changing story, did not fall below the objective standard of reasonableness required by *Strickland*.

Further, as noted in the R&R, the police report suggested that Kiki's testimony would not have been helpful to Movant. (Doc. 8 at 9). Thus, it was a reasonable strategic decision to not locate Kiki; and Movant was not prejudiced by counsel's failure to locate a witness that would have been harmful to Movant's case.

Accordingly, defense counsel's failure to locate and interview witness Kiki Norris was not ineffective assistance of counsel.

### B. Counsel's Opening Statement

Both the R&R and Respondent interpreted Movant's second theory of ineffective assistance of counsel as involving Movant's counsel somehow impairing Movant's right to testify in his own defense at trial. (Doc. 8 at 10; 10 at 2). In his objections, Movant recasts this theory as his counsel being ineffective based on the content of counsel's opening statement.[3]

As the R&R notes, defense counsel filed an affidavit explaining that the content of his opening statement was based on his belief that Movant would testify and his

---

[2] The police report did not contain any contact information. (Doc. 8 at 9).

[3] In his objections, Movant refers to counsel's "summation" but the Court has reviewed all of Movant's citations in his objections and they reference exclusively counsel's opening statement. (Doc. 9 at 3).

- 3 -

understanding of what the content of Movant's testimony would be. (Doc. 8 at 10-11). In his objections, Movant does not factually dispute anything from his counsel's affidavit. Specifically, Movant does not dispute that he originally intended to testify and that he later decided not to testify. Further, Movant does not claim that if given a new trial, he would in fact testify. Instead, Movant cites case law regarding opening statements.

The Court notes that the R&R did not reach the issue of the reasonableness of counsel's actions and instead finds counsel was not ineffective because Movant has not shown prejudice. While this Court agrees with the R&R's conclusion that, given the overwhelming evidence of Movant's guilt (Doc. 8 at 11-12), Movant cannot show prejudice; reviewing the objections de novo, the Court also finds that counsel's actions did not fall below an objective standard of reasonableness. Specifically, in his objections, Movant does not dispute that he led his counsel to believe he would testify and then changed his mind. While Movant is well within his rights to make all of these decisions, his counsel is not ineffective for believing him.[4]

Thus, because Movant can show neither prong of ineffective assistance of counsel as required by *Strickland*, the Court finds Movant's counsel was not ineffective in making his opening statement.

**IV. Conclusion**

Based on the foregoing,[5]

**IT IS ORDERED** that the objections (Doc. 9) are overruled; the R&R (Doc. 8) is accepted; the Motion (Doc. 1) is denied and dismissed with prejudice and the Clerk of the

---

[4] At the end of his objections, Movant includes a request for an evidentiary hearing. (Doc. 9 at 4). "When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Chacon–Palomares*, 208 F.3d 1157, 1159 (9th Cir.2000), quoting 28 U.S.C. § 2255. In his objections, Movant does not dispute his counsel's affidavit and he has shown no prejudice. Therefore, the files and record conclusively show Movant is entitled to no relief and, accordingly, no evidentiary hearing is necessary. *See generally Arreola-Gutierrez v. United States,* No. C09-5181RBL, 2010 WL 1417645, at *1-2 (W.D. Wash. Apr. 2, 2010).

[5] In his objections, Movant argues that the R&R failed to address his claim that his counsel failed to seek a jury instruction regarding Movant's "absence." (Doc. 8 at 3). The Court has reviewed the objections, the motion to vacate, and the transcripts of the case and has located no evidence of Movant's "absence."

1 | Court shall enter judgment accordingly.

2 | **IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court denies issuance of a certificate of appealability and leave to proceed *in forma pauperis* on appeal because Movant has not made a substantial showing of the denial of a constitutional right.

Dated this 7th day of August, 2018.

James A. Teilborg
Senior United States District Judge